GIBNEY, ANTHONY & FLAHERTY LLP
Brian W. Brokate (BB5830)
bwbrokate@gibney.com
Beth Frenchman (BF3934)
bfrenchman@gibney.com
Jeffrey E. Dupler (JD5430)
jdupler@gibney.com
Maja Szumarska (MS0208)
mszumarska@gibney.com
650 Fifth Avenue
New York, New York 10019
Telephone: 212-688-5151

SHEPPARD MULLIN RICHTER & HAMPTON LLP
Theodore C. Max (TM1742)
tmax@sheppardmullin.com
Tyler E. Baker (TB9570)
tbaker@sheppardmullin.com
30 Rockefeller Plaza
New York, New York 10112
Telephone: 212-653-8700
Facsimile: 212-653-8701

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROLEX WATCH U.S.A., INC., | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT FOR FEDERAL** |
| | ) **TRADEMARK** |
| v. | ) **COUNTERFEITING; FEDERAL** |
| | ) **TRADEMARK INFRINGEMENT;** |
| | ) **CONTRIBUTORY TRADEMARK** |
| WATCHSTYLER INC. and VLADISLAV | ) **INFRINGEMENT; FALSE** |
| SLOOTSKY, | ) **ADVERTISING; FEDERAL** |
| | ) **FALSE DESIGNATION OF** |
| Defendants. | ) **ORIGIN, FALSE DESCRIPTION** |
| | ) **AND UNFAIR COMPETITION** |

-- 1 --

Plaintiff Rolex Watch U.S.A., Inc. ("Rolex" or "Plaintiff"), for its complaint against defendants Watchstyler Inc. and Vladislav Slootsky (collectively the "Defendants"), hereby alleges as follows:

## STATEMENT OF THE CASE

1.     This is an action by Rolex against Defendants for injunctive relief, profits, trebled and/or statutory damages, pre-judgment interest, attorneys' fees and costs under the Lanham Act based on Defendants' counterfeit and infringing use of Rolex's trademarks in connection with the advertising, promotion, offer for sale and sale of counterfeit and infringing Rolex watch parts that are not authorized or sponsored by Rolex and that are not genuine products of Rolex.

## SUBJECT MATTER JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction over the claims asserted in this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b).

3.     Defendants are subject to the Court's jurisdiction because they reside and/or do business in this Judicial District and have committed the acts complained of herein in this Judicial District.

4.     Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b).

## PARTIES AND PERSONAL JURISDICTION

5.      Rolex is a corporation duly organized and existing under the laws of the State of New York, having an office and principal place of business at 650 Fifth Avenue, New York, NY 10019.

6.     Upon information and belief, defendant Watchstyler Inc. ("Watchstyler") is a corporation duly organized and existing under the laws of the State of New York, having an office and principal place of business at 37 Galvaston Loop, Staten Island, NY 10314 and operating from

a UPS drop box at 3285-B Richmond Avenue, #120, Staten Island, New York 10312.  Watchstyler has committed the tortious acts complained of within this Judicial District.

7.       Upon information and belief, defendant Vladislav Slootsky ("Slootsky") is an individual with a principal place of business at 37 Galvaston Loop, Staten Island, NY 10314. Slootsky is an owner, manager, member, operator and controlling force of defendant Watchstyler and has committed the tortious acts complained of within this Judicial District.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF
### Rolex's Famous Trademarks

8.       Rolex is one of the pre-eminent luxury and best-known watch brands in the United States and also the world.  For many decades, Rolex watches have been among the most prominent and bestselling luxury watch brands in the United States.

9.       Rolex's dominance of the luxury watch market is widely recognized by consumers, news organizations, and business, fashion and lifestyle publications.

10.     As early as 1912, Rolex or its predecessors have been the exclusive distributor and warrantor of new Rolex watches in the United States.

11.     Rolex is responsible for promoting, marketing and selling in interstate commerce throughout the United States high quality Rolex watches, watch bracelets, and related products (collectively, "Rolex Watches").

12.     Rolex Watches are of exceptionally high quality and are identified by the trade name and trademark ROLEX.

13.     Rolex is responsible for maintaining control over the quality of Rolex Watches and watch related services in the United States.

14.     Rolex has developed an outstanding reputation because of the uniform high quality of Rolex Watches.

-- 3 --

15.     Rolex is the owner of the following trademarks and trademark registrations issued by the U.S. Patent and Trademark Office:

| Trademark | Reg. No. | Reg. Date | Goods |
| --- | --- | --- | --- |
| **ROLEX** | 0,101,819 | 1/12/1915 | Watches, clocks, parts of watches and clocks, and their cases. |
| **OYSTER** | 0,239,383 | 3/6/1928 | Watches, movements, cases, dials, and other parts of watches. |
| ♛ **(Crown Design)** | 0,657,756 | 1/28/1958 | Timepieces of all kinds and parts thereof. |
| ♛ **(Crown Design)** | 1,755,226 | 3/2/1993 | Jewelry. |
| **OYSTER PERPETUAL** | 1,105,602 | 11/7/1978 | Watches and parts thereof. |
| **DATEJUST** | 0,674,177 | 2/17/1959 | Time-pieces and parts thereof. |
| **SUBMARINER** | 1,782,604 | 7/20/1993 | Watches. |
| **JUBILEE** | 5,997,797 | 6/18/2018 | Watches and parts thereof. |
| **YACHTMASTER** | 1,749,374 | 11/7/1991 | Watches. |
| **GMT MASTER** | 0,683,249 | 12/5/1958 | Watches. |
| **GMT MASTER II** | 2,985,308 | 5/20/2004 | Watches and parts thereof. |
| **OYSTER FLEX** | 4,874,918 | 10/23/2013 | Watches and parts thereof. |
| **PRESIDENT** | 0,520,309 | 2/10/1949 | Wristbands and bracelets for watches made wholly [or in part or plated] with precious metals. |

Correct and true copies of these federal trademark registrations (collectively, the "Rolex Registered Trademarks") are attached as **Exhibit 1**, which is incorporated herein by reference.

16.     The Rolex Registered Trademarks are in full force and effect and have become incontestable pursuant to 15 U.S.C. § 1065.

17.     The Rolex Registered Trademarks are distinctive and used to identify high quality products originating with Rolex.

18.     The Rolex Registered Trademarks are arbitrary and fanciful and are entitled to the highest level of protection afforded by law.

19.     Rolex and its predecessors have used the ROLEX trademark for nearly a century on and in connection with Rolex Watches, watch parts and related products.  As such, the ROLEX trademark is one of the most famous marks in the world.

20.     Rolex and/or its predecessors have used the Rolex Registered Trademarks for many years on and in connection with Rolex Watches and watch parts well prior to the activities of the Defendants complained of herein.

21.     Most Rolex Watches and watch parts are identified by Rolex's registered ROLEX and/or ♔ (the "CROWN DESIGN") trademarks and one or more of, but not limited to, the following registered trademarks owned by Rolex: OYSTER, OYSTER PERPETUAL, DATEJUST, SUBMARINER, YACHTMASTER, GMT MASTER and GMT MASTER II.

22.     Rolex uses the term "Superlative" on its Rolex Watch dials, because this term defines the outstanding quality of Rolex Watches, their components, and their reputation for precision, water resistance, simplicity, fine craftsmanship, comfort and durability.

23.     Because of the superior quality of Rolex Watches, consumers have long come to expect a Rolex Watch to be reliable, durable and maintain its timekeeping precision for years, if not decades.

24.     The general and necessary components of Rolex Watches include at least: the watch movement, the watch case back, the dial, the bezel, the crystal, the hands, and the watch bracelet (which includes the watch clasp).

25.     A Rolex watch case consists of a watch case back, a bezel, and a crystal.  Each of those parts are manufactured to fit together to ultimately create a protected and sealed environment to house the dial and watch movement and keep it protected from the entry of water and other elements which may affect the functioning of the Rolex Watch.

-- 5 --

26.     Each Rolex Watch case bears a unique serial number.  Through that serial number Rolex is able to identify the original manufacture date and model of the Rolex Watch.

27.     New Rolex Watches are sold through Official Rolex Jewelers and are accompanied by a five (5) year warranty.

28.     Rolex also issues a two (2) year service warranty for Rolex Watches it services.

29.     Rolex conducts a pressure test to ensure every new Rolex Watch, as well as nearly all Rolex Watches received for service, are pressure-proof.

30.     The material alteration of Rolex Watches by the substitution or modification of integral parts renders the Rolex warranty null and void, because Rolex can no longer assure the quality or performance of such watches.  Similarly, Rolex may no longer service such watches, because it cannot guarantee the quality or performance of such watches.

31.     Rolex Watches are known to retain and/or increase in value, and the purchase of a pre-owned Rolex Watch is highly regarded in the watch industry as a smart and reliable investment.  Rolex Watches are built to last, and customers view Rolex Watches as heirlooms that can last several lifetimes.

32.     Rolex also authorizes the sale of pre-owned Rolex Watches by its Official Rolex Jewelers through its Rolex Certified Pre-Owned program.  Rolex services each pre-owned Rolex Watch before resale to ensure and guarantee the quality and function of each watch sold as a Rolex Certified Pre-Owned watch.  Each Rolex Certified Pre-Owned watch comes with a two (2) year warranty.

## DEFENDANTS' ACTIVITIES

33.     Defendants' activities, complained of herein, began long after Rolex's adoption, use and registration of the Rolex Registered Trademarks on and in connection with its Rolex Watches.

34.     Defendants operate, own, and/or use the website http://www.watchstyler.com ("Defendants' Website") to advertise, promote and offer for sale merchandise bearing infringing and counterfeit copies of one or more of the Rolex Registered Trademarks.  Attached as **Exhibit 2** are representative screenshots of the Defendants' Website taken on November 13, 2023.

35.     Defendants operate, own, and/or use the website www.facebook.com/watchstyler/ ("Defendants' Facebook Page") to advertise, promote and offer for sale merchandise bearing infringing and counterfeit copies of one or more of the Rolex Registered Trademarks.  Attached as **Exhibit 3** are representative screenshots of the Defendants' Facebook Page taken on November 13, 2023.

36.     Despite Defendants' use of the name "watchstyler" in its social media handle, Defendants' Facebook Page was, and is currently, operating under the business name W-Precision, Inc., a company previously owned and operated by defendant Slootsky.

37.     Upon information and belief, Defendants were also previously conducting the same business, as they are currently engaged, under the name W-Precision, Inc.

38.     Defendants operate, own, and/or use X (formerly known as Twitter) under the handle @CustomRolexWP ("Defendants' X Page") to advertise, promote and offer for sale merchandise bearing infringing and counterfeit copies of one or more of the Rolex Registered Trademarks.  Defendants' X Page does business under the name W-Precision, Inc. Attached as **Exhibit 4** are representative screenshots of the Defendants' X Page taken on November 13, 2023.

39.     On or about January 5, 2016, Rolex sent Defendants a notice letter regarding Defendants' use of one or more of the Rolex Registered Trademarks in its advertising and offer for sale of unauthorized, infringing and/or counterfeit dials, bezels and bracelets.  Defendants did not respond.

40.     On or about January 20, 2022, Rolex's investigator made a purchase from Defendants' Website of the following items: "Custom Rolex Datejust Ice-Blue Diamond Dial 2T" ("Counterfeit Blue Dial"), "Custom Rolex Datejust Red Diamond Dial (2T)" ("Counterfeit Red Dial"), "Lady's 26mm Rolex White Gold Replacement Case" ("Replacement Case") and "Italian Made 18k Gold/Stainless Steel Replacement Band for Rolex Lady Datejust" ("Replacement Bracelet"), for a total of $6,415.

41.     Rolex examined the Counterfeit Blue Dial (shown below) and determined that it was not manufactured by Rolex yet bears counterfeit copies of the Rolex trademarks ROLEX, OYSTER PERPETUAL, DATEJUST and the CROWN DESIGN.  The Counterfeit Blue Dial differs from a genuine Rolex dial in many ways.  For example, it is smaller in diameter; all of the markings (including copies of Rolex's trademarks) appear in a different and uneven font; the quality of the print is poor (likely to chip or rub off); and the diamonds are affixed by an adhesive (rather than mechanically secured).



42.     Rolex examined the Counterfeit Red Dial (shown below) and determined that it was not manufactured by Rolex yet bears counterfeit copies of the Rolex trademarks ROLEX, OYSTER PERPETUAL, DATEJUST and the CROWN DESIGN.  The Counterfeit Red Dial differs from a genuine Rolex dial in many ways.  For example, the red color was created by the application of a translucent lacquer (a technique Rolex does not employ); all of the markings (including copies of Rolex's trademarks) appear in a different and uneven font; the quality of the print is poor (likely to chip or rub off); and the diamonds are affixed by an adhesive (rather than mechanically secured).



43.     Rolex examined the Replacement Case (shown below) and determined that the case frame and back are not genuine Rolex replacement parts.  The Replacement Case appears to be made to exclusively fit and replace the case frame and back of a Rolex Ladies-DATEJUST, Model 69173. The Replacement Case differs from a genuine Rolex case frame and back in many ways. For example, the lugs on the Replacement Case frame are narrower; the flange (where the crystal gasket sits) is larger, the steel alloy used to make the frame and back is not the same as used by Rolex and of lesser quality; and, the threads cut into the case back are smaller and the strength of the case back is weaker:



44.     Rolex examined the Replacement Bracelet and determined that it is not a genuine Rolex replacement part. The Replacement Bracelet differs from a genuine Rolex bracelet in many ways.  For example, the quality of the machining, brushing and polishing are inferior; the gold-colored center links are thinner and would cause the bracelet to wear more quickly; and, the end pieces (which attach to the watch head) are of inferior quality and the gold overlay is crudely formed and has irregular edges:



45.     All of the parts purchased from Defendants on January 20, 2022, are inferior in quality to those of Rolex parts and, if and when used to replace a genuine Rolex part, will not function with the same integrity, quality or to the high standards of Rolex.

46.     On or about April 22, 2022, Rolex's investigator made a second purchase from Defendants' Website of a "Custom Rolex Submariner MOP Serti Dial with Rubies" for $540.00 ("Counterfeit Serti Dial").



47.     Rolex examined the Counterfeit Serti Dial (shown above) and determined that it was not manufactured by Rolex yet bears counterfeit copies of the trademarks ROLEX, OYSTER PERPETUAL, SUBMARINER and the CROWN DESIGN.  The Counterfeit Serti Dial differs from a genuine Rolex dial in many ways.  For example, the thin layer of material gives an appearance of mother-of-pearl, but is not mother-of-pearl, which is used by Rolex; the counterfeit copy of Rolex's CROWN DESIGN trademark is narrower and not as finely detailed as the CROWN DESIGN trademark printed on a genuine Rolex dial; the other markings (including

copies of Rolex's trademarks) appear in a different and uneven font; the quality of the print is poor (likely to chip or rub off); and the diamonds are affixed by an adhesive (rather than mechanically secured).

48.    On or about September 14, 2022, Rolex sent Defendants a cease-and-desist letter requesting that Defendants remove from Defendants' Website and cease from advertising, offering for sale and/or selling counterfeit Rolex dials and non-genuine cases and bezels designed to fit Rolex Watches.  Defendants did not respond.

49.    On or about October 18, 2022, Rolex sent Defendants a follow up letter again requesting that Defendants cease from offering for sale and sale of counterfeit dials and inferior non-Rolex parts.

50.    On or about March 6, 2023, Rolex continued to object to Defendants' offering for sale and sale of the counterfeit dials and non-Rolex parts and clearly reserved its rights to take action against these activities.  Attached as **Exhibit 5**, and incorporated herein by reference, are true and correct copies of Rolex's letters to Defendants.

51.    On or about August 3, 2023, Rolex's investigator made a third purchase from Defendants' Website of "Custom Rolex Lady-Datejust Champagne MOP Diamond Dial" ("Counterfeit Champagne Dial") and a "1.65ct Bead-Set Diamond Bezel for Ladies Rolex Watches (WG)" ("Replacement Diamond Bezel") for a total of $2,680.00.

52.    Rolex examined the Counterfeit Champagne Dial (shown below) and determined that it was not manufactured by Rolex yet bears counterfeit copies of the trademarks ROLEX, OYSTER PERPETUAL, DATEJUST and the CROWN DESIGN.  The Counterfeit Champagne Dial differs from a genuine Rolex dial in many ways. For example, the thin layer of material gives an appearance of mother-of-pearl, but is not the mother-of-pearl, which is used by Rolex; the

counterfeit copy of Rolex's CROWN DESIGN trademark attached is more rounded than the genuine Rolex CROWN DESIGN logo; the other markings (including copies of Rolex's trademarks) appear in a different and uneven font; and, the quality of the print is poor (likely to chip or rub off).



53.     Rolex examined the Replacement Diamond Bezel (shown below) and determined that it is not a genuine Rolex replacement part.  The Replacement Diamond Bezel differs from a genuine Rolex bezel in many ways.  For example, the outer diameter of the Defendants' bezel is much larger than a genuine Rolex bezel; the finishing, interior and underside of the bezel is inferior to Rolex standards; the stone setting is not to Rolex's high standards; in addition, the inner diameter of the Defendants' bezel is smaller than that on a genuine Rolex bezel, which is likely to cause excessive pressure on the crystal gasket which will increase the likelihood that the watch case will fail and not remain water resistant.



54.     The following representation is printed on all of Defendants' counterfeit dials, as shown above: "SUPERLATIVE CHRONOMETER OFFICIALLY CERTIFIED."  On a genuine Rolex watch dial, this statement is used to identify qualities about the movement of the Rolex watch.  Defendants use of these markings on their counterfeit dials constitutes a false and misleading statement, if and when placed on a watch not previously designated as a Superlative Chronometer Officially Certified.

55.     On all of Defendants' counterfeit dials, shown above, the writing "SWISS MADE" appears.  Upon information and belief, Defendants dials are not made in Switzerland and therefore this is a false and misleading statement.

56.     Defendants non-Rolex Replacement Bezel, Replacement Case and Replacement Bracelet do not meet the standards or quality of genuine Rolex parts and if, or when, placed on an otherwise genuine Rolex watch will have an adverse effect on the proper functioning of the Rolex watch.

57.     Defendants' Website has a disclaimer in fine print which states, in part, as follows:

Products sold on watchstyler.com are considered an application of custom accessories and create a new product which by no means can be considered an AUTHENTIC ROLEX WATCH. This process will

58.    Defendants are not now, nor have they ever been, associated, affiliated, or connected with, or licensed, endorsed or sanctioned by Rolex.

59.    Defendants' Website, Facebook Page and X Account falsely advertise and offer for sale Rolex counterfeit and infringing parts in a manner calculated to mislead consumers.

60.    Defendants' aforesaid acts are deliberately calculated to confuse and deceive the public and are performed with full knowledge of Rolex's rights.  Defendants' acts constitute willful and deliberate infringement of Rolex's rights in the Rolex Registered Trademarks.

61.    Rolex is unable to monitor, enforce or maintain its quality control standards on the counterfeit and infringing Rolex watch parts that Defendants manufacture, produce, offer for sale and sell.

62.    Defendants' unauthorized use of copies of the Rolex Registered Trademarks in the manner described above tends to and does create the false impression that Defendants' products emanate or originate from Rolex, and/or that such products are authorized, sponsored or approved by Rolex, even though they are not.  This confusion causes irreparable harm to Rolex and the Rolex Registered Trademarks.

63.    Defendants' unauthorized use of the Rolex Registered Trademarks in the manner described above tends to and does create the erroneous impression that Defendants' watch parts will meet the high standards of Rolex's quality, craftsmanship, durability and timekeeping accuracy.

64.    Defendants have been unjustly enriched by illegally using and misappropriating Rolex's intellectual property for their own financial gain.  Furthermore, Defendants have unfairly benefited and profited from Rolex's outstanding reputation for high quality products and its

widespread and extensive advertising and promotion of Rolex Watches and the Rolex Registered Trademarks.

65.     Defendants' acts, as set forth herein, were willful and deliberate.  Therefore, this case constitutes an exceptional case under 15 U.S.C. § 1117(a).

66.     Rolex has suffered irreparable harm and damages as a result of Defendants' conduct.

67.     Upon information and belief, Defendants' acts will continue unless enjoined by this Court.

68.     Rolex has no adequate remedy at law.

**<u>FIRST CAUSE OF ACTION</u>**
**Trademark Counterfeiting, 15 U.S.C. § 1114**

69.     Rolex hereby incorporates by reference all prior allegations set forth in paragraphs 1-68 herein.

70.     Defendants have used spurious designations that are identical with, or substantially indistinguishable from, the ROLEX, CROWN DESIGN, DATEJUST, OYSTER PERPETUAL and SUBMARINER trademarks, and possibly other Rolex Registered Trademarks, on the counterfeit watch dials they sell.

71.     Defendants have intentionally used these spurious designations, knowing they are counterfeit, in connection with the advertising, promotion, offering for sale and sale of counterfeit watch dials.

72.     Defendants' unauthorized use of the Rolex Registered Trademarks as set forth above is likely to:

        a.   Cause confusion, mistake and/or deception;

b. Cause the public to believe that Defendants' counterfeit watch dials are genuine Rolex watch dials, or that Defendants' products are authorized, sponsored or approved by Rolex, when they are not; and

c. Result in Defendants unfairly benefiting from Rolex's advertising and promotion and profiting from Rolex's reputation and the Rolex Registered Trademarks, all to the substantial and irreparable injury to the public, Rolex, the Rolex Registered Trademarks, and the substantial goodwill represented thereby.

73.    Defendants' acts as aforesaid constitute willful trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

74.    By reason of the foregoing, Defendants are liable to Rolex for: (a) an amount representing three times Defendants' profits or at Rolex's election, statutory damages; and (b) reasonable attorneys' fees, costs including investigative fees, and pre-judgment interest pursuant to 15 U.S.C. § 1117.

## SECOND CAUSE OF ACTION
### Trademark Infringement, 15 U.S.C. § 1114

75.    Rolex hereby incorporates by reference all prior allegations set forth in paragraphs 1-68 herein.

76.    Defendants use the Rolex Registered Trademarks to advertise and promote their replacement watch parts in a manner which is likely to cause consumer confusion and mistake and to deceive consumers into believing that the Defendants' products and services are in some way authorized, sanctioned, or affiliated with Rolex, when they are not.

77.     Defendants' activities, complained of herein, constitute use in commerce of copies or colorable imitations of the Rolex Registered Trademarks in a manner which is likely to cause confusion and mistake in the minds of the public in violation of 15 U.S.C. § 1114.

78.     Defendants have engaged in the aforementioned activities with the intent to confuse and deceive the public into believing that Defendants' watch parts will function in the same manner as Rolex watch parts and once combined with genuine Rolex watch parts are likely to cause confusion and mistake in the minds of the public in violation of 15 U.S.C. § 1114.

79.     Defendants' replacement watch parts for Rolex watches are designed with the intent confuse and deceive consumers into believing that Defendants' parts are in some way sponsored by, or affiliated or associated with Rolex, when in fact they are not.

80.     Defendants' acts as aforesaid constitute willful trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

81.     By reason of the foregoing, Defendants are liable to Rolex for: (a) an amount representing Rolex's damages; (b) Defendants' profits; and (c) reasonable attorneys' fees, costs including investigative fees, and pre-judgment interest pursuant to 15 U.S.C. § 1117.

## THIRD CAUSE OF ACTION
**Contributory Trademark Infringement, 15 U.S.C. § 1114**

82.     Rolex hereby incorporates by reference all prior allegations set forth in paragraphs 1-68 herein.

83.     As previously stated herein (*e.g.*, paragraphs 42, 47, 52), Defendants advertise, offer for sale and sell non-genuine dials, bezels, watch cases and bracelets fit exclusively to replace genuine Rolex watch parts.

84.    Defendants have full knowledge that the non-genuine parts they advertise, offer for sale and sell once applied to a watch, creates a new product that is no longer the genuine product of Rolex

85.    Defendants' acts, as described above, have willfully induced and aided in the infringement of watches bearing the Rolex Registered Trademarks.  Once Defendants' non-genuine watch parts are placed on a watch bearing the Rolex Registered Trademarks and placed into commerce, the altered watch is likely to cause consumer confusion, mistake or deception as to the source of those watches and watch parts.

86.    Defendants' offer for sale and sale of these non-genuine watch parts to jewelers and consumers allows and induces them to create and put into commerce altered and/or counterfeit Rolex watches.

87.    Defendants have knowingly contributed, and continue to contribute, to the infringing conduct of jewelers and consumers by providing jewelers and consumers with the necessary non-genuine watch parts needed to produce, offer for sale and sell altered, infringing and/or counterfeit Rolex watches.

88.    Defendants know and have been put on notice that buyers of Defendants' non-genuine parts are and/or may use the watch parts to produce, offer for sale and sell altered, infringing and/or counterfeit Rolex watches.

89.    At the very least, Defendants are willfully blind to such activity.

90.    By reason of the foregoing, Defendants are liable to Rolex for: (a) an amount representing Rolex's damages; (b) Defendants' profits; and (c) reasonable attorneys' fees, costs including investigative fees, and pre-judgment interest pursuant to 15 U.S.C. § 1117.

## <u>FOURTH CAUSE OF ACTION</u>
### False Advertising in Violation Of 15 U.S.C. § 1125(a)

91.     Rolex repeats and realleges the allegations set forth in Paragraphs 1-68 herein.

92.     On Defendants' Website, Defendants claim that when the consumer purchases Defendants' custom Rolex dial, it is purchasing an "Original Rolex dial.  Our dials are manufactured by Rolex Company, but …. they have been repainted and set with aftermarket diamond settings…."

93.     As described above in detail above (*see* ¶¶ 41, 42, 47 & 52), contrary to Defendants' advertising claims made to the public, Defendants' dials, as purchased by Plaintiff's investigators and examined by Plaintiff, are not the "original" Rolex dials, and in fact are not genuine Rolex dials.

94.     In advertising and representing to consumers that their dials are "original" and "manufactured by the Rolex Company[,]" Defendants are falsely advertising and/or misleading consumers as to the purported "genuine" nature of their counterfeit Rolex dials.  By so doing, Defendants are misrepresenting the nature, characteristics and/or qualities of its counterfeit dials.

95.     Upon information and belief, in advertising and representing to consumers on Defendants' Website that Defendants' counterfeit dials are "SWISS MADE," when, in fact, they are not, Defendants are falsely advertising and/or misleading consumers as to the nature of the products offered for sale by Defendants.

96.     Upon information and belief, by using the designation "SUPERLATIVE CHRONOMETER OFFICIALLY CERTIFIED" on Defendants' counterfeit dials, Defendants may falsely represent qualities about the movement of the Rolex watch on which the counterfeit dial is to be place.  Defendants' unauthorized use of these markings on their counterfeit dials

constitutes a false and misleading statement if and when placed on a watch not previously designated as a Rolex Superlative Chronometer Officially Certified.

97.    Upon information and belief, Defendants made these false and misleading representations in order to take advantage of Rolex's renown and reputation so as to induce consumers to purchase Defendants' watch parts.

98.    The false and misleading statements made by Defendants are material and are likely to influence purchasing decisions, including decisions to purchase such goods from Defendants.

99.    Defendants' conduct is willful or willfully blind.  Defendants' conduct described herein is causing immediate and irreparable injury to Rolex, by selling counterfeit goods, and by harming Rolex's goodwill and reputation, and will continue to damage Rolex and deceive consumers unless enjoined by this Court.

100.   Defendants' acts constitute false advertising and false representations in violation of 15 U.S.C. § 1125(a).  Rolex has no adequate remedy at law.

101.   Upon information and belief, Defendants have received substantial revenues and substantial profits arising out of its acts of passing off and false advertising to which it is not entitled, and Rolex also suffered damages as a result of Defendants' acts of false advertising, for which Defendants are responsible.

**FIFTH CAUSE OF ACTION**
**False Designation of Origin, False Descriptions and Representations, and Unfair Competition,**
**15 U.S.C. § 1125(a)**

102.   Rolex hereby incorporates by reference all prior allegations set forth in paragraphs 1-68 herein.

103.   Defendants' acts as aforesaid constitute the use in commerce of false designations of origin, false descriptions and representations, and unfair competition because such designations,

descriptions and representations tend to falsely designate, describe and/or represent Defendants' counterfeit and infringing watch parts as those of Rolex in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

104. By reason of the foregoing, Defendants are liable to Rolex for: (a) an amount representing Rolex's damages; (b) Defendants' profits; and (c) reasonable attorneys' fees, costs including investigative fees, and pre-judgment interest pursuant to 15 U.S.C. § 1117.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Rolex respectfully requests a judgment in favor of Rolex providing the following relief:

I.      That the Court enter an injunction ordering that Defendants, their agents, servants, employees, and all other persons in privity or acting in concert with them, be enjoined and restrained from:

a.   Using any reproduction, counterfeit, copy or colorable imitation of the Rolex Registered Trademarks to identify any goods or the rendering of any services not authorized by Rolex;

b.   Engaging in any course of conduct likely to cause confusion, deception or mistake, or injure Rolex's business reputation including, but not limited to, offering for sale and selling non-genuine cases or bezels intended to fit Rolex;

c.   Using a false description or representation including words or other symbols tending to falsely describe or represent Defendants' unauthorized goods or services as being those of Rolex or sponsored by or associated with Rolex and from offering such goods in commerce;

d.   Using or continuing to use the Rolex Registered Trademarks or trade names in any variation thereof on the Internet (either in the text of a website, or as a keyword, search word, metatag, or any part of the description of the site) in connection with any goods or services not authorized by Rolex;

e.   Disseminating any false and/or misleading information relating to the authenticity or nature of Defendants' goods and services with respect to Rolex;

f.   Disseminating any false and/or misleading information about Rolex, the Rolex Registered Trademarks, and/or Rolex products;

g.   Engaging in any other activity constituting false advertising of Rolex products;

h.   Engaging in any other activity constituting unfair competition with Rolex;

i.   Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (h) above.

II.   That Defendants, within ten (10) days of judgment, take all steps necessary to remove from Defendants' Website, Defendants Facebook Page, Defendants' X Page or any other website or social media site containing content displayed or posted by Defendants, whether or not owned or operated by Defendants, all counterfeit or infringing Rolex products and all text using Rolex Registered Trademarks or copies or colorable imitations thereof used to identify counterfeit or infringing Rolex products.

III.   That Defendants, within thirty (30) days of judgment, file and serve upon Rolex a sworn statement setting forth in detail the manner and form in which they have complied with this injunction pursuant to 15 U.S.C. § 1116(a).

IV.     That Defendants be required to account to Rolex for all profits resulting from Defendants' sale of counterfeit or infringing Rolex products and that the award to Rolex be trebled as provided for under 15 U.S.C. § 1117; alternatively, that Rolex be awarded statutory damages under 15 U.S.C. § 1117(c) of up to $2,000,000 for each mark Defendants have counterfeited.

V.     That Rolex recover from Defendants the costs and disbursements of this action in addition to reasonable attorney and investigator fees and pre-judgment interest pursuant to 15 U.S.C. § 1117.

VI.     That Defendants be required to deliver up for destruction to Rolex all materials/goods bearing counterfeit copies of the Rolex Registered Trademarks pursuant to 15 U.S.C. § 1118.

VII.     That Rolex be awarded punitive damages for Defendants' willful and malicious acts of counterfeiting, infringement, contributory infringement, false advertising, false designations of origin, false descriptions and representations, and unfair competition to deter future unlawful activities as complained of herein.

VIII.     That this Court retain jurisdiction of this action for the purpose of enabling Rolex to apply to the Court at any time for such further orders and interpretation or enforcement of any Order entered in this action, for the modification of any such Order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

IX.     That pursuant to 11 U.S.C. § 523(a)(6), Defendants be prohibited from a discharge under 11 U.S.C. § 777 for malicious, willful and fraudulent injury to Rolex.

X.     That Rolex be awarded such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated:  February 1, 2024

By: /s/ Maja Szumarska
Brian W. Brokate (BB5830)
Beth Frenchman (BF3934)
Jeffrey E. Dupler (JD5430)
Maja Szumarska (MS0208)
**GIBNEY, ANTHONY & FLAHERTY, LLP**
650 Fifth Avenue
New York, NY 10019
Telephone: 212-688-5151
Facsimile: 212-688-8315

Theodore C. Max (TM1742)
Tyler E. Baker (TB9570)
**SHEPPARD MULLIN RICHTER & HAMPTON LLP**
30 Rockefeller Plaza
New York, New York 10112
Telephone: 212-653-8700
Facsimile: 212-653-8701

*Attorneys for the Plaintiff Rolex Watch U.S.A., Inc.*